Starr Ins. Holdings, Inc. v United States Specialty Ins. Co. (2020 NY Slip Op 03989)





Starr Ins. Holdings, Inc. v United States Specialty Ins. Co.


2020 NY Slip Op 03989


Decided on July 16, 2020


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on July 16, 2020

Gische, J.P., Kapnick, Webber, Kern, González, JJ.


11827 652164/16

[*1] Starr Insurance Holdings, Inc., et al., Plaintiffs-Appellants,
v
United States Specialty Insurance Company, et al., Defendants-Respondents, Westchester Fire Insurance Company, Defendant.


Cahill Gordon & Reindel LLP, New York (Thorn Rosenthal of counsel), for appellants.
Frenkel Lambert Weiss Weisman & Gordon, LLP, New York (Eric M. Eusanio of counsel), for United States Specialty Insurance Company, respondent.
Eckert Seamans Cherin & Mellott, LLC, White Plains (Riyaz G. Bhimani of counsel), and Eckert Seamans Cherin & Mellott, LLC, Washington, DC (F. Joseph Nealon of the bar of the Commonwealth of Pennsylvania and District of Columbia, admitted pro hac vice, of counsel), for Great American Insurance Company, respondent.



Order, Supreme Court, New York County (Barry R. Ostrager, J.), entered February 27, 2019, which granted defendants U.S. Specialty Insurance Company's and Great American Insurance Company's motions for summary judgment dismissing the complaint as against them, unanimously affirmed, with costs.
Plaintiffs (Starr) seek to recover under a fidelity bond issued by defendants for alleged defalcations by Global Warranty Group (GWG), with which Starr had entered into an agreement to provide warranties on consumer electronics. The period of the bond was the calendar year 2014. The bond provided that it terminated as to any employee upon the discovery by Starr or any of its officers or directors of any "dishonest or fraudulent act" committed at any time by the employee. Assuming GWG was an employee of Starr within the definition of the bond, the bond terminated as to GWG in November 2013 at the latest, when Starr became aware that more than $740,000 was missing from its claims account, i.e., before the inception of the 2014 bond (see Capital Bank & Trust Co. v Gulf Ins. Co., 91 AD3d 1251, 1253-1254 [3d Dept 2012] [where dishonest acts were discovered in 2001, "coverage . . . terminated immediately upon the [*2]inception of the bond" in 2002]; see also Drexel Burnham Lambert Group v Vigilant Ins. Co., 157 Misc 2d 198, 207-208 [Sup Ct, New York County 1993]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: JULY 16, 2020
CLERK